IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 91-438-CFC |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents.[1] | : |

### MEMORANDUM

Before the Court is Petitioner James W. Riley's Motion to Recall Mandates, filed in this closed habeas action on May 22, 2024. (D.I. 131) For the reasons set forth below, the Motion will be denied.

Petitioner contends that state officials committed "unconscionable acts of fraud upon the courts" for over 40 years by concealing evidence, which prevented Petitioner from raising a timely double jeopardy claim "against a retrial." (D.I. 131 at 1-2) He asserts that the fraud was committed during his criminal proceeding in the Delaware courts and in the instant habeas proceeding.

---

[1] The Court has substituted Warden Brian Emig for former Warden Robert May. See Fed. R. Civ. P. 25(d).

To the extent Petitioner asks the Court to recall the mandates in two decisions rendered by the Third Circuit Court of Appeals affirming the denial of two of his habeas petitions,[2] the Court lacks jurisdiction to do so. *See Calderon v. Thompson*, 523 U.S. 538, 555 (1998) ("[T]he courts of appeals are recognized to have an inherent power to recall their mandates"); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999) ("[A]ll issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication); Federal Rule of Appellate Procedure 41 (describing mandate process).

To the extent Petitioner asks the Court to recall the mandate in *Riley v. Emig*, 04-1435-CFC, the Court has already denied that request in the aforementioned case. (*See* D.I. 67 in *Riley v. Emig*, Civ. A. No. 04-1435-CFC)

And finally, to the extent Petitioner moves the Court to recall the mandate denying his habeas petition in this case due to fraud that was allegedly committed during his state criminal trial and the instant habeas proceeding, Petitioner's contentions of fraud challenge the integrity of his criminal proceeding before the Delaware courts. Consequently, the Court views the Motion to recall the mandate in this closed case as the equivalent of a second or successive habeas petition.[3]

---

[2]*See Riley v. Taylor*, 237 F.3d 300 (3d Cir. 2001) (Case No. 98-9009 affirming the 1998 denial of Petitioner's § 2254 petition in *Riley v. Taylor*, Civ. A. No. 91-438-CFC) and *Riley v. Carroll*, C.A. 07-3012, Order (3d Cir. Sept. 10, 2008) (denying Petitioner's request for a certificate of appealability from the 2007 denial of Petitioner's habeas petition in *Riley v. Carroll*, Civ. A. No. 04-1435-CFC).

[3]A petitioner may not file a second or successive habeas petition and/or claim without first obtaining authorization from the appropriate court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same

2

Petitioner presented his allegations of fraud to the Third Circuit in 2022 when he asked the Third Circuit to authorize the filing of a second or successive habeas petition. See In re: James Riley, C.A. No. 22-2520, D.I. 1-1 at 12 (3d Cir. Aug. 18, 2022). The Third Circuit denied Petitioner's request on September 20, 2022. (See id. at D.I. 6) Since Petitioner did not obtain authorization from the Third Circuit to file a second habeas petition, the Court lacks jurisdiction to rule on the merits of Petitioner's fraud-on-the-court claim.

Accordingly, the Court will deny the instant Motion to Recall Mandates. (D.I. 131) To the extent one may be necessary, the Court will also decline to issue a certificate of also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: October 22, 2024

Colm F. Connolly
Chief Judge

---

conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. See Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).